**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.

PRECISION CONCRETE CUTTING, Inc., a
Utah corporation,

        Plaintiff,

    v.

CONCRETE SIDEWALK SOLUTIONS, INC.
D/B/A SIDEWALK SHAVERS OF
COLORADO, a Colorado corporation,

and

J. SCOTT LAUDENSLAUGER, an individual,

        Defendants.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

---

1.    This is an action by Precision Concrete Cutting, Inc., ("Precision") to recover damages arising from patent infringement by Concrete Sidewalk Solutions Inc. d/b/a Sidewalk Shavers of Colorado ("Solutions") and J. Scott Laudenslauger, an individual ("Laudenslauger") acting jointly, and to enjoin Defendants' future infringements, as well as for loss profits arising from the violation of an agreement between Precision and Solutions for Solutions not to infringe or engage in activities described, as well as for other related causes of actions as follows:

**THE PARTIES**

2.    Plaintiff Precision is a Utah corporation having principal executive offices located at 3191 North Canyon Road, Provo, Utah 84604. Precision operates a chain of

1

over two dozen franchisees in over a dozen states in the business of removing "trip hazards", which typically consist of localized unevenness between sections of concrete sidewalks, the unevenness typically being caused by shifting of the sections of sidewalk relative to one another. Precision removes the trip hazards using the patented technology that is the subject of this Complaint.

3.  On information and belief Defendant J. Scott Laudenslauger ("Laudenslauger") is a Colorado resident who resides at 3558 W. Alamo Ave., Littleton, Colorado 80123.

4.  Defendant Solutions, upon information and belief, is a Colorado corporation with its principal executive offices located at the Laudenslauger residence of 3558 W. Alamo Ave., Littleton, Colorado 80123, and is organized and existing under the laws of the state of Colorado, has designated registered agent as J. Scott Laudenslager and office for purposes of mailing and service of process as 8547 East Arapahoe Rd., J120 Greenwood Village, Colorado 80112, and is doing business in this judicial district.

5.  Based on information and belief, Laudenslauger is the president of Solutions.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims set forth below pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1338(a) & (b), 15 U.S.C. 1121, and this Court's pendant jurisdiction.

7.  Venue is proper in this district under 28 U.S.C. 1391 and 1400 because patent infringement alleged hereunder, as well as related acts complained of herein, have been carried out in the United States and within or from within the District of Colorado.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.  Precision filed suit in this Court against Solutions in 2009, as Civil Action No. 1:09-cv00856-PAB-KLM ("the 2009 Infringement Case") for infringement of U.S.

Patent No. 7,402,095, titled "Method For Removing Trip Hazards In Concrete Sidewalks", hereinafter the "'095 patent". By assignment, Precision owns all right, title, and interest in the '095 patent. A true and correct copy of the '095 patent is attached hereto as Exhibit A.

9.     In the 2009 Infringement Case, Precision also asserted U.S. Patent No. 7,143,760, titled ""Method For Removing Trip Hazards In Concrete Sidewalks" (the "'760 patent"). By assignment, Precision owns all right, title, and interest in the '760 patent. A true and correct copy of the '760 patent is attached hereto as Exhibit B.

10.    In 2009, Defendant Laudenslauger, through an arrangement with other individuals, requested reexamination of the '095 patent by the U.S. Patent and Trademark Office (PTO). That request was granted in November 4, 2009. The reexamination proceedings are now closed, and the PTO has determined that it will certify the patentability of the claims of the '095 patent.

11.    The 2009 infringement case against Solutions ended in a Confidential Settlement Agreement (the "CSA") between Precision and Solutions, the execution of which prompted Precision to agree to a dismissal of the 2009 Infringement Case.

12.    Pursuant to the CSA the parties are to keep the terms of the CSA absolutely confidential and shall not divulge or disclose the facts, circumstances, representations or negotiations underlying the parties' dispute or the terms or conditions the CSA to any person, corporation, association, governmental agency or other entity except to the extent necessary to enforce such a party's rights under the CSA.

13.    In the CSA, Solutions promised not to practice or offer to practice trip hazard removal using a method claimed in the '095 patent.

14.   In the CSA, Solutions promised not to practice or offer to practice trip hazard removal using a method that includes the practice of the method claimed in the '760 patent.

15.   In the CSA, Solution promised not to practice or offer to practice trip hazard removal using a method that includes the practice of a *method disclosed or described* (as opposed to being limited to a claimed method) in the '095 or '760 patents ("the patents-in-suit").

16.   The '760 patent describes a method for removing trip hazards that uses a hand held cutting tool, a right angle grinder, with a concrete cutting blade to remove the trip hazards.

17.   The '095 patent describes a method for removing trip hazards that uses a hand held cutting tool, a right angle grinder, with a concrete cutting blade to remove trip hazards.

18.   Soon after the signing of the CSA, Solutions commenced bidding for projects or jobs to remove trip hazards by using a hand held right angle grinder with a concrete cutting blade to remove the trip hazards.

19.   After entering into the CSA, Solutions did not change the method it use to remove trip hazards before entering into the CSA, and continued to remove trip hazards by using a hand held right angle grinder with a concrete cutting blade to remove the trip hazards. See attached Exhibit C.

20.   After Solutions entered into the CSA Laudenslauger personally, together with Solutions, continued to remove trip hazards by using a hand held right angle grinder with a concrete cutting blade to remove the trip hazards. The attached Exhibit D is a photograph of Laudenslauger taken by Plaintiff after the consummation of the CSA. The photograph shows Laudenslauger himself using a hand held right angle grinder with a

concrete cutting blade to remove trip hazards, and demonstrates Laudenslauger's contempt for the CSA and the intellectual property rights being asserted by Precision.

21.     At the direction of Laudenslauger, individuals other than Laudenslauger, continued to remove trip hazards by using a hand held right angle grinder with a concrete cutting blade to remove the trip hazards while working for Solutions after Solutions had entered into the CSA.

22.     After Solutions entered into the CSA Laudenslauger himself, together with Solutions, continued to remove trip hazards by using a method claimed in the '095 patent.

23.     After Solutions entered into the CSA Laudenslauger himself continued to remove trip hazards by using a method claimed in the '760 patent.

24.     At the direction of Laudenslauger, individuals other than Laudenslauger, continued to remove trip hazards by using a hand held right angle grinder with a concrete cutting blade to remove the trip hazards, after Solutions had entered into the CSA.

25.     At the direction of Laudenslauger, individuals working for Solutions, continued to remove trip hazards while working for Solutions by using a method claimed in the '095 patent, after Solutions had entered into the CSA.

26.     At the direction of Laudenslauger, individuals other than Laudenslauger, continued to remove trip hazards while working for Solutions by using a method claimed in the '760 patent, after Solutions had entered into the CSA.

27.     After Solutions had entered into the CSA and at the direction of Laudenslauger, Solutions bid for (Bid No. B11-T014SM Vertical Cutting Phase II, "the Colorado Springs Job") and was awarded a contract with the City of Colorado Springs, Colorado, to remove trip hazards, a contract which Solutions performed or has agreed to perform using a method claimed or described in the '095 or '760 patent.

5

28. The Colorado Springs Job required the use of a hand held cutting tool with a concrete cutting blade to remove the trip hazards.

29. The '095 and '760 patents describe methods for removing trip hazards by using a hand held cutting tool with a concrete cutting blade.

30. Precision was the only other bidder on the Colorado Springs Job, and thus would have been awarded the Colorado Springs Job if Solutions, with the assistance of Laudenslauger, had not participated in the bidding and offered to perform trip hazard removal in violation of the CSA and or in violation of the '095 or '760 patents.

31. After Solutions had entered into the CSA and at the direction of Laudenslauger, Solutions bid for and was awarded a contract with Salt Lake County, Utah, ("the Salt Lake County Job"), which required the use of a hand held cutting tool with a concrete cutting blade to remove the trip hazards.

32. After Solutions had entered into the CSA and at the direction of Laudenslauger, Solutions was awarded the Salt Lake County Job to remove trip hazards, a contract which Solutions performed or is to perform using a method claimed or described in the '095 or '760 patent.

33. After Solutions had entered into the CSA and at the direction and with the participation of Laudenslauger, Solutions bid for and was awarded the Salt Lake County Job to remove trip hazards by using a hand held cutting tool with a concrete cutting blade.

34. Precision was the only other bidder on the Salt Lake County Job, and thus would have been awarded the Salt Lake County Job if Solutions, with the assistance of Laudenslauger, had not participated in the bidding and offered to perform trip hazard removal in violation of the CSA and or in violation of the '095 or '760 patents.

## **COUNT I**

(Infringement of the '095 Patent by Laudenslauger)

35.     Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36.     The '095 patent discloses and claims a method for removing trip hazards using a right angle grinder with a concrete cutting blade attached to the right angle grinder.

37.     Defendant Laudenslauger has been, and is, directly or indirectly infringing one or more claims of the '095 patent in violation of 35 U.S.C. 271 (a), (b), (c), and/or (f), by making, using, selling offering to sell or selling, and/or causing Solutions to practice the method claimed in the '095 patent in the United States.

38.     Laudenslauger has assisted and willfully participated in infringement of the '095 patent in violation of 35 U.S.C. 271 (b) by personally practicing the method claimed in the '095 patent and by actively inducing and instructing others to infringe the '095 patent.

39.     Laudenslauger has derived, and in the future will continue to derive and receive, gains, profits, and advantages from the infringement of the '095 patent in an amount to be proven at trial.

40.     Precision has also been damaged through Laudenslauger's acts of infringement in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Laudenslauger have irreparably harmed and will continue to harm the Plaintiff ability to market, reputation, and good will unless Defendant's acts of infringement are enjoined.

## **COUNT II**

41.     (Infringement of the '095 Patent by Solutions)Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41, inclusive.

42.     The '095 patent discloses and claims a method for removing trip hazards using a right angle grinder with a concrete cutting blade attached to the right angle grinder.

43.     The Defendant Solutions has been, and is, directly or indirectly infringing one or more claims of the '095 patent in violation of 35 U.S.C. 271 (a), (b), (c), and/or (f), by making, using, selling offering to sell or selling, and/or causing Solutions to practice the method claimed in the '095 patent in the United States.

44.     Solutions has assisted and willfully participated in infringement of the '095 patent in violation of 35 U.S.C. 271(a) and (b) by cooperating, aiding and actively inducing others to infringe the '095 patent.

45.     Solutions has derived, and in the future will continue to derive and receive, gains, profits, and advantages from the infringement of the '095 patent in an amount to be proven at trial.

46.     Precision has also been damaged through Solutions' acts of infringement in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Solutions have irreparably harmed and will continue to harm the Plaintiff ability to market, reputation, and good will unless Defendant's acts of infringement are enjoined.

## COUNT III

(Infringement of the '760 Patent by Laudenslauger)

47. Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. The '095 patent discloses and claims a method for removing trip hazards using a right angle grinder with a concrete cutting blade attached to the right angle grinder.

49. Defendant Laudenslauger has been, and is, directly or indirectly infringing one or more claims of the '760 patent in violation of 35 U.S.C. 271 (a), (b), (c), and/or (f), by making, using, selling offering to sell or selling, and/or causing Solutions to practice the method claimed in the '760 patent in the United States.

50. Laudenslauger has assisted and willfully participated in infringement of the '760 patent in violation of 35 U.S.C. 271 (b) by personally practicing the method claimed in the '095 patent and by actively inducing and instructing others to infringe the '760 patent.

51. Laudenslauger has derived, and in the future will continue to derive and receive, gains, profits, and advantages from the infringement of the '760 patent in an amount to be proven at trial.

52. Precision has also been damaged through Laudenslauger's acts of infringement in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Laudenslauger have irreparably harmed and will continue to harm the Plaintiff ability to market, reputation, and good will unless Defendant's acts of infringement are enjoined.

## COUNT II

(Infringement of the '760 Patent by Solutions)

53. Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. The '760 patent discloses and claims a method for removing trip hazards using a right angle grinder with a concrete cutting blade attached to the right angle grinder.

55. The Defendant Solutions has been, and is, directly or indirectly infringing one or more claims of the '760 patent in violation of 35 U.S.C. 271 (a), (b), (c), and/or (f), by making, using, selling offering to sell or selling, and/or causing Solutions to practice the method claimed in the '760 patent in the United States.

56. Solutions has assisted and willfully participated in infringement of the '760 patent in violation of 35 U.S.C. 271(a) and (b) by cooperating, aiding and actively inducing others to infringe the '760 patent.

57. Solutions has derived, and in the future will continue to derive and receive, gains, profits, and advantages from the infringement of the '760 patent in an amount to be proven at trial.

58. Precision has also been damaged through Solutions' acts of infringement in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Solutions have irreparably harmed and will continue to harm the Plaintiff ability to market, reputation, and good will unless Defendant's acts of infringement are enjoined.

## COUNT V

(Breach of Contract by Solutions)

59.     Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60.     Solution's failure to abide by its promise in the CSA to not practice or offer to practice trip hazard removal using a method that includes the practice of a method disclosed or described in the '095 or '760 patents constitutes a breach of contract, which caused injury and damages to Precision, including lost profits.

61.     Any other damages that may be awarded for Solution's breach would be difficult or impossible to determine because the subject matter of the Settlement Agreement has resulted in both consequential and incidental damages including but not limited to lost opportunities and lost profits associated with the contract with the City of Colorado Springs, Colorado, and or the contract with Salt Lake County.

## COUNT VI

(Wrongful Interference With Business Relation By Laudenslauger)

62.     Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61, inclusive.

63.     Laudenslauger intentionally and improperly interfered with Precision's CSA with Solutions. Interference in a settlement agreement is highly improper in that violations of such agreements is highly detrimental to society in that interference with impunity would undermine the desirability of parties to enter into settlements of court actions.

64.     As a result of Laudenslauger's interference with Precision's contractual relation with Solutions, Solutions breached the CSA, causing Precision to incur damages due to loss profits, and attorney's fees and costs in bringing this action.

## COUNT VII

(Deceit Based on Fraud by Laudenslauger and Solutions Jointly)

65.     Precision repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 64, inclusive.

66.     Defendants jointly and with the intent to deceive falsely represented to Precision that Solutions, by itself or with the assistance or control of Laudenslauger, would not practice methods for removing trip hazards disclosed or claimed in the '095 or '760 patents or aid, abet, or assist others in practicing or offering to practice the methods for removing trip hazards with the use of a handheld cutting tool or angle grinder with a concrete cutting blade ("Defendants' Representations").

67.     At the time Laudenslauger and Solutions made Defendants' Representations, Defendants knew that Defendants' Representations regarding Defendant's future practice or intent to practice methods for removing trip hazards disclosed or claimed in the '095 or '760 patents were false.

68.     Precision justifiably relied on Defendants' Representations and dismissed its suit against Defendants in suit in United States District Court for the District of Colorado, Case No. 09cv00856-PAB-KLM.

69.     Precisions reliance on Defendants' Representations caused both consequential and incidental damages including but not limited to lost opportunities, lost income/or profits from at least the Colorado Springs Job and the Salt Lake County Job, entitling Precision for an award of damages and lost profits, including costs and further relief as this Court might deem just and proper under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Precision respectfully requests judgment as follows:

1.     Defendants, their agents, servants, employees, assigns, successors in interest, and all parties in privity therewith be preliminarily and permanently enjoined from the continued infringement of U.S. Patent No. 7,402,095 and U.S. Patent No. 7,143,760 (the patents-in-suit).

2.     A judgment be entered finding that Defendant Laudenslauger has infringed, induced infringement, and contributed to the infringement of the patents-in-suit.

3.     A judgment be entered finding that Defendant Solutions has infringed, induced infringement, and contributed to the infringement of the patents-in-suit.

4.     A judgment be entered finding that Defendant Solutions has breached the Confidential Settlement Agreement, and an award of costs, plus other and further relief as this Court might deem just and proper under the circumstances.

5.     A judgment finding that Defendant Laudenslauger wrongfully induced Solutions to breach the Confidential Settlement Agreement, and grant Precision an award of damages and costs in favor of Precision and against Laudenslauger, plus other and further relief as this Court might deem just and proper under the circumstances.

6.     A judgment finding that Defendants obtained Precision's dismissal of United States District Court for the District of Colorado, Case No. 09cv00856-PAB-KLM through fraud, and grant Precision an award of damages and costs in favor of Precision and against Defendants caused by Defendants' fraud, plus other and further relief as this Court might deem just and proper under the circumstances.

7. Defendants be required to account and pay to Plaintiff for all damages resulting from Defendant's unlawful conduct under 35 U.S.C. 284.

8. Plaintiffs be awarded treble damages, with both pre-judgment and post-judgment interest, under 35 U.S.C. 284 because of the knowing, willful and wanton nature of Defendants' conduct.

9. This case be adjudged an exceptional case.

10. Plaintiff be awarded attorney fees and costs as provided by 35 U.S.C. 285, with interest.

11. Plaintiffs be awarded both pre-judgment and post-judgment interest.

12. Plaintiffs be awarded such other relief as is justified by this case.

DATED this 27th day of April, 2011.

RAMON L. PIZARRO

S/Ramon Pizarro
Ramon L. Pizarro
3515 South Tamarac Drive, STE 200
Denver, CO  80237
Phone: (303) 779-9551
Fax: (303) 689-9627
Email:  ramon@ramonpizarro.com
ATTORNEY FOR PLAINTIFF
ENTERPRISE MANAGEMENT LTD.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Address of Plaintiff:
191 North Canyon Road
Provo, Utah 84604