IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01123-MEH

PRECISION CONCRETE CUTTING, INC., a Utah corporation,

        Plaintiff,

v.

CONCRETE SIDEWALK SOLUTIONS, INC., d/b/a Sidewalk Shavers of Colorado, a Colorado
corporation, and
J. SCOTT LAUDENSLAUGER, an individual,

        Defendants,

v.

AARON OLLIVIER, an individual,

        Counter Defendant.

---

**ORDER ON DEFENDANTS' MOTION TO UNSEAL THE SETTLEMENT
AGREEMENT AND PLAINTIFF'S MOTION FOR STAY PENDING APPEAL**

---

        Before the Court is Defendants' Motion to Unseal the Settlement Agreement [filed January

23, 2012; docket #94], and Plaintiff's Motion for Stay [filed February 3, 2012; docket #95]

requesting that if I grant the Defendants' motion, I stay my order pending appeal.  For the reasons

stated herein, the Defendants' motion is **granted in part and denied in part** and Plaintiff's motion

is **denied**.

        This is the second patent infringement action before this Court involving the same patents

and the same parties.  In the first case, *Precision Concrete Cutting, Inc. v. Concrete Sidewalk

Solutions, Inc.*, 09-cv-00856-PAB-KLM, the parties settled the lawsuit, in part, through an

agreement by Concrete Sidewalk Solutions to engage in its business of sidewalk cutting (generally

for the purpose of making sidewalks safe after settling or heaving has caused the creation of a trip

hazard) by utilizing a certain method that the parties agreed did not violate Precision Concrete

Cutting's patent.   In the present lawsuit, Precision (Plaintiff) asserts that Defendants continue to infringe Plaintiff's patents after entering into the original settlement agreement.

Defendants argue that Plaintiff is contractually stopped from asserting claims of patent infringement against Defendants, and that Plaintiff has breached that contractual obligation.  Further, Defendants allege that Defendants' post-settlement methods do not infringe the patent, and that this lawsuit constitutes harassment.  Defendants also argue that Plaintiff's patents are invalid.

Prior to the parties consenting to Magistrate Judge jurisdiction, I officiated over several settlement conferences.  At the end of that process, on November 18, 2011, the parties executed a settlement agreement.  The agreement contained many terms, but not a confidentiality provision.  Both parties were represented by counsel.

Not long thereafter, disputes arose concerning the agreement.   As is relevant here, Defendants filed a motion to enforce the agreement on November 29, 2011, and attached an unredacted copy of the agreement as an exhibit.  Plaintiff raised the issue of whether the agreement is confidential.  In an abundance of caution, on December 2, 2011, I directed that the Clerk of the Court seal the unredacted copy of the settlement agreement until the issue of confidentiality was determined.  Thereafter, the parties, utilizing my assistance, resolved some pending issues but not whether the settlement agreement was confidential.   Here, Defendants ask that the copy of the agreement be unsealed with the exception of the amount of money the parties agreed to exchange, which Plaintiff agrees should be redacted and kept confidential.   Defendants argue that the settlement agreement executed by all parties and counsel did not contain a confidentiality clause and, therefore, the agreement is not confidential.

Plaintiff contends as follows.  First, the case is administratively closed and, therefore, there is no basis for entering any orders.  Second, the settlement agreement is confidential based upon (1)

the rules and my orders governing confidentiality of settlement negotiations and (2) the protective order that was entered in this case.

It is with considerable concern that I engage in the following analysis. The parties and their counsel engaged in a professional and courteous settlement conference, the end of which appeared to put the parties on a path of co-existence and peace. I regret that issues arising after the settlement conference have led to the current dispute, but the issue presented here has only one possible outcome, in my opinion.

The Plaintiff and Defendant Concrete Sidewalk Solutions are owned by Mr. Ollivier and Mr. Laudenslauger, respectively. These gentlemen were present at the settlement conference. Both were accompanied by their counsel. The parties and the Court discussed and negotiated a resolution over several days, requiring more than 11 hours of mediation. The parties and counsel executed the Material Terms of Settlement Agreement at the end of the day on November 18, 2011. It is true, as Plaintiff represents, that Mr. Ollivier was very concerned about making his long-planned Thanksgiving trip with his family. We all were working diligently to complete the negotiations and get Mr. Ollivier on his way. I do not believe that this is a factor in my decision, however, because his counsel, as his representative, was not under the same constraint and was available to wrap up any final details. There were no such final details, at least involving confidentiality.

The Material Terms of Settlement Agreement did not contemplate any further written agreement and was, by its own terms, binding and enforceable. The parties did not agree to include a confidentiality clause in the final settlement agreement. Confidentiality is a common term in many of the (approximately) 800 settlements the undersigned has negotiated as a Magistrate Judge, though not universally so. While it is usually a defendant that seeks confidentiality, I have encountered many parties who either earnestly do or do not want a confidentiality provision, both those who are

paying money and those who are receiving money.  Such a term is always the subject of discussion and negotiation, and while most of the time the agreements have contained confidentiality provisions, a plurality have not.

The Tenth Circuit has determined that a trial court has the power to enforce summarily a settlement agreement entered into by the litigants while the litigation is pending before it.  *Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir. 2004).  In doing so, "issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."  *Id.* (citation omitted).  A settlement agreement is a contract which will be construed using ordinary principles of contract interpretation.  *Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993).

Under Colorado law, the terms of a settlement agreement must be "clear, unambiguous, and capable of enforcement."  *City and County of Denver v. Adolph Coors Co.,* 813 F. Supp. 1476, 1479 (D. Colo. 1993).  To find that an agreement has been reached, it must appear that further negotiations are not required to work out important and essential terms.  *Id.*  The essential elements of a contract must include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration."  *Industrial Prods. Int'l v. Emo Trans, Inc.,* 962 P.2d 983, 988 (Colo. App. 1997) (citation omitted).  An offer is a manifestation by one party of a willingness to enter into a bargain, and an acceptance is a manifestation of assent to the terms of the offer.  *Id.* (citing Restatement (Second) of Contracts §§ 24, 32 (1979)).

Several years ago the magistrate judges of this Court uniformly began reducing to writing settlement agreements reached during judicial settlement conferences (many of which were traditionally entered orally on the record at the successful conclusion of the conference), in response to the requirements set forth in *National Union Fire Ins. Co. of Pittsburgh v. Price*, 78 P.3d 1138 (Colo. App. 2003).  In that case, the Colorado Court of Appeals, applying Colo. Rev. Stat. § 13-22-

308(1), found that an agreement reached during mediation can be an enforceable court order only if, quoting from the statute, it is "reduced to writing and approved by the parties and their attorneys, if any."[1]   In an abundance of caution, the undersigned and other magistrate judges began utilizing written settlement agreements at the conferences.

Only recently did the Colorado Supreme Court comment on the *Price* decision, finding that Section 308 did *not* abrogate the common law of contracts in the context of mediation proceedings and, contrary to the *Price* holding, "did not mandate a single method that must be followed for the formation of a binding agreement [in] mediation . . . ." *Yaekle v. Andrews*, 195 P.3d 1101, 1108 (Colo. 2008).[2]   In *Yaekle*, the parties had signed a "basic terms of settlement" document provided by the mediator.   Before a more comprehensive agreement was signed, the parties began renegotiating terms, ultimately reducing their negotiations to a proposed agreement.   At the end of that renegotiation, the plaintiff refused to sign.   Utilizing common law contractual principles, the court found not only that the "basic terms of settlement" were binding (a proposition with which neither party disagreed), but also that the renegotiated terms constituted a binding contract. Although the plaintiff had not signed any document containing the new terms, he had orally authorized his attorney to agree to them, which the Supreme Court found sufficient.   *Id.* at 1111 ("Yaekle accepted the offer, as clearly shown through his counsel's representations to the court.").[3]

---

[1]The statute has not been applied in federal matters involving settlement agreements; however, the decisions addressing the statute discuss and apply Colorado common law of contracts in the mediation context and are helpful for that purpose.

[2]The court noted that the "traditional tenets of common law contracts and settlement, which are sensitive to the requirements of justice, stand in stark contrast to those formulaic requirements imposed by an exclusive reading of section 308." *Id.* at 1107.

[3]The court also recognized that, in some instances, "the final and fully executed [settlement] agreement may be the only admissible evidence of a contract, and thus a court's determination as to whether or not a contract has been established at common law is determined from the one document alone." *Id.* at 1110.

With these principles in mind, I must find that an enforceable agreement *not containing* a confidentiality provision was reached between the parties during the settlement conference in this case.   The terms set forth in the Material Terms of Settlement Agreement are clear and unambiguous.   Using the analysis in *Yaekle* and applying common law contract principles, the contract here does not have a confidentiality provision.   The rules governing confidentiality of negotiations do not apply; Defendants are not seeking public disclosure of the content of negotiations, but rather the outcome of those negotiations, *i.e.*, the final signed contract of settlement.   Moreover, the parties did not designate the document as confidential so as to invoke the protective order in this case.

Further, on the question of mootness based on the fact that this case is administratively closed, the issue of the sealed document, which this motion addresses, arose prior to the order of administrative closure.   It has been a live issue since December 2, 2011 and must be resolved. Moreover, there is no provision of which I am aware barring the Court from entering orders in closed cases.   In any event, under D.C.COLO.LR 41.2, administratively closed cases may be reopened for good cause.   I consider the very disputed issue pending before the Court as sufficient good cause for limited reopening for the purpose of entering this ruling.

Defendants' motion seeking to unseal the settlement agreement is granted.

However, the Defendants also seek an award of attorney's fees against the Plaintiff pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285.   The latter cites a section of the patent statute providing, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."   28 U.S.C. § 1927 provides an award of attorney's fees against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."   Both statutes give the Court discretion as to whether to award fees.   In this case, the Court finds that this is not an "exceptional" matter nor

that the Plaintiff or its counsel has acted "unreasonably" or "vexatiously." Therefore, Defendants'

request for an award of attorney's fees is denied.

Concerning Plaintiff's Motion for Stay, Plaintiff requests that if I unseal the Material Terms

of Settlement Agreement, I stay my order for 31 days to permit the Plaintiff to appeal. Plaintiff does

not provide the legal authority for such a stay under these circumstances. I am doubtful of the

jurisdiction to appeal due to the fact that there is no final order in this case. In any event, I do not

find the standards for a stay have been met here. I rely on Judge Downes' decision in *Trout*

*Unlimited v. Water Supply and Storage Co.*, 2005 WL 2141465, 1 (D. Colo. Sept. 2, 2005)[4]:

> The grant of a stay pending appeal pursuant to Rule 62(c) of the Federal Rules of
> Civil Procedure is discretionary. *Middle Rio Grande Conservancy Dist. v. Norton*,
> 294 F.3d 1220, 1231 (10th Cir.2002). Such extraordinary relief should only be
> granted where movants have demonstrated "a clear and unequivocal right to relief."
> *Homans v. City of Albuquerque,* 264 F.3d 1240, 1243 (10th Cir. 2001). To
> demonstrate such a right, movants must show: "(1) the likelihood of success on
> appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3)
> the absence of harm to opposing parties if the stay or injunction is granted; and (4)
> any risk of harm to the public interest." *Federal Trade Comm'n v. Mainstream*
> *Marketing Services, Inc.,* 345 F.3d 850, 852 (10th Cir. 2003). If the moving party
> establishes that the three "harm" factors weigh decidedly in its favor, the "likelihood
> of success" requirement is somewhat relaxed. *Id.*

Concerning irreparable harm, Judge Downes noted that the alleged harm "'must be both

certain and great,'" and must not be "'merely serious or substantial.'" *Id.* (citation omitted).

Plaintiff alleges that the harm would be to its and the public's "ability to rely on the confidentiality

of settlement discussions facilitated by this Court's order of confidentiality." Motion at 3-4.

However, Defendants are not proposing to disclose the content of settlement discussions, but rather

a contract between the parties. The public's expectation of confidentiality in settlement negotiations

---

[4]Tenth Circuit Rule 8.1, which must be satisfied to obtain a stay from that court, contains
similar requirements: "(a) the likelihood of success on appeal; (b) the threat of irreparable harm if
the stay or injunction is not granted; (c) the absence of harm to opposing parties if the stay or
injunction is granted; and (d) any risk of harm to the public interest."

would be preserved.  Plaintiff may be concerned that its business might be affected if the agreement is disclosed; however, I cannot say that such alleged harm is certain and great.  This factor does not favor a stay.

Defendants do not allege any significant harm to themselves if the agreement remains under seal.  They do allege, however, that there will be harm to the public interest because of the alleged pattern by Plaintiff of misrepresenting the contents of confidential agreements.  I do not view this as the sort of harm envisioned by the elements for a stay.  And if Plaintiff misrepresented the contents of the settlement between Plaintiff and Defendants, Defendants would have the same access to means of publication as would Plaintiff and could submit corrections to any information that Plaintiff could hypothetically misrepresent.  This factor is neutral, neither favoring a stay nor weighing against it.

Finally, as noted in my discussion above, Plaintiff would not have a substantial likelihood of success on appeal.  I believe this is a basic contract issue.  There is a contract between the parties, and it does not contain a term the Plaintiff desires.  I have seen no basis to question the legality of the contract or its terms.

Therefore, Plaintiff has not established the elements of a stay pending appeal, and its motion must be denied.

Accordingly, for the reasons stated above, the Court **grants in part** Defendants' Motion to Unseal the Settlement Agreement to allow the Defendants to file a copy of the Settlement Agreement redacting the amount of payment, which is to remain confidential consistent with this Order.  They may file the redacted version of the agreement, terming it "Redacted Copy of Exhibit A to Docket 76, Defendants' Motion to Enforce the Settlement Agreement."  As the copy of the Material Terms of Settlement Agreement currently on file (Docket #76, Exhibit A) is unredacted,

it will remain sealed.  The Court further **denies in part** Defendants' motion to the extent Defendants seek an award of attorney's fees.   Finally, the Court **denies** Plaintiff's Motion to Stay for the reasons stated herein.

      SO ORDERED.

      Dated at Denver, Colorado, this 28th day of February, 2012.

                    BY THE COURT:

                    s/Michael E. Hegarty
                    Michael E. Hegarty
                    United States Magistrate Judge